**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON L. COOPER, | No. 10-16522 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-01516-SI |
| v. | |
| JEANNE S. WOODFORD, Director CDCR, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: B. FLETCHER,[**] HAWKINS, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

Aaron Cooper ("Cooper") appeals the denial of his habeas corpus petition attacking his conviction for the murder of William Highsmith ("Highsmith"). We affirm.

We review Cooper's insufficient evidence claim under the doubly deferential standard of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which requires deference to both the jury's verdict and the California Court of Appeal's conclusion that there was sufficient evidence to support the verdict. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (habeas relief appropriate only where the state court's application of clearly established law is "objectively unreasonable") (citing *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

Sufficient circumstantial evidence supports Cooper's conviction. Most critically, the government offered evidence of motive; extensive eyewitness testimony that Cooper participated in the abduction of Highsmith at gunpoint, during which shots were fired; the opinion of a forensic pathologist that Highsmith died shortly after his abduction from a gunshot wound to the head; and forensic testimony that clothing associated with Cooper tested positive for gunshot residue. Viewing the evidence in the light most favorable to the prosecution as required by *Jackson*, and with deference to the state court decision as required by AEDPA, it was not objectively unreasonable

2

for the California Court of Appeal to conclude that the evidence was sufficient to support Cooper's conviction.

**AFFIRMED.**